

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0799-12

### JAY PAUL YZAGUIRRE, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### DALLAS COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. WOMACK, J., concurred. MEYERS, J., did not participate.

In this aggravated robbery case, the abstract portion of the jury charge included an instruction on the law of parties, but the application portion did not. Further, appellant was denied a lesser-included-offense instruction on robbery. We must determine whether it is proper, in determining whether the lesser-offense instruction should have been given, to take into account the omission of the law of parties in the application portion of the charge.

### I. BACKGROUND

### A. Trial

Tony Manjares, Edgar Aguilar, and appellant entered a house and robbed the victims. At least two of the men displayed firearms during the robbery. One of the victims testified that appellant pointed a gun at her head, and a police officer testified that appellant dropped a rifle as he was trying to escape. Appellant testified that he did not bring a gun to the robbery, that he did not hold a gun to anyone's head, and that he was not the person who dropped the rifle.[1]

Appellant was charged with committing aggravated robbery. The abstract portion of the jury charge included an instruction on the law of parties, but no reference to this instruction was included in the application paragraph, and the application paragraph did not otherwise include the law of parties. Appellant requested the submission of the lesser-included offense of robbery, but that request was denied. The difference between aggravated robbery and robbery in appellant's case was whether a deadly weapon had been used or exhibited during the offense.[2] Appellant was convicted of aggravated robbery and sentenced to thirty years' imprisonment.

## B. Appeal

On appeal, appellant complained that the trial judge erred in refusing to submit the lesser-included offense of robbery. The court of appeals determined that whether appellant was entitled to submission of the lesser-included offense depended upon whether party liability was an issue that was before the jury.[3] "If the jury could convict [appellant] as a party," the court of appeals

---

[1] The victim who testified about appellant pointing a gun at her head also testified that appellant shared the gun with one of the accomplices. The State contends that appellant's testimony did not conflict with this evidence. Given our disposition of the case, we need not address that question.

[2] *See* TEX. PENAL CODE §§ 29.02, 29.03(a)(2).

[3] *Yzaguirre v. State*, 367 S.W.3d 927, 930 (Tex. App.–Texarkana 2012, pet. granted) ("To determine whether the facts support an instruction as to a lesser-included offense, we must resolve

explained, "there are no facts which would allow the jury to find him guilty of only robbery because it is undisputed that a robbery had taken place, that [appellant] participated in the robbery, and that [appellant] was aware that Manjares was armed with a gun and had used or exhibited it during the robbery."[4]

Relying upon *Campbell v. State*[5] and *Clark v. State*,[6] the court of appeals held that the charge did not allow the jury to convict appellant under the law of parties because it was not contained in or referred to by the jury charge's application paragraph.[7] Consequently, the court of appeals concluded, appellant's testimony that he did not have a weapon was sufficient to raise the lesser-included offense.[8] After conducting a harm analysis and finding "some harm,"[9] the court of appeals reversed appellant's conviction and remanded the case for a new trial.[10]

## II. ANALYSIS

The State contends, among other things, that, just as with the indictment, the law of parties need not be included in the jury charge at all. The State further contends that, if such an instruction does need to be in the jury charge, the abstract portion of the charge sufficiently informed the jury

---

the threshold issue of whether the charge allowed the jury to convict Yzaguirre under the law of parties.").

[4] *Id.*

[5] 910 S.W.2d 475, 477 (Tex. Crim. App. 1995).

[6] 929 S.W.2d 5 (Tex. Crim. App. 1996).

[7] *Yzaguirre*, 367 S.W.3d at 931.

[8] *Id.*

[9] *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[10] *Yzaguirre*, 367 S.W.3d at 931.

in this case of the law of parties.[11]  We need not hold, as the State suggests, that such a jury charge

is without error.[12]  Instead, we hold that in determining whether appellant was entitled to a lesser-

included-offense instruction, the instruction on the law of parties in the abstract portion of the charge

should have been taken into account.

The cases upon which the court of appeals relied predate our decision in *Malik v. State*,[13]

where we held that the sufficiency of the evidence would be measured, not by the (possibly flawed)

jury charge given, but by the elements of the offense as defined by the hypothetically correct jury

charge for the case.[14]  Although *Malik* was a sufficiency-of-the evidence case, rather than a case

involving a request for a lesser-included offense, the holding and discussion in that opinion is

---

[11]  The State's petition for discretionary review presents four questions for review, all of which we granted:

> 1. Did the Court of Appeals err by failing to find that Appellant, acting as a principal, "used" the deadly weapons brought to the offense by his co-defendants although Appellant may not have had contact or made an overt gesture in connection with the deadly weapons?
>
> 2. Did the court of appeals err by finding Appellant suffered some harm from the denial of an instruction on the lesser-included robbery offense?
>
> 3. Under the Penal Code, is an instruction on the law of parties necessary?
>
> 4. If necessary, must the parties instruction be in the application paragraph?

In the body of its petition, the State argues, "Even if it is necessary to inform the jury in some way of the law of parties, the charge in this case did so in the abstract portion."

[12]  Given our resolution of ground four in the State's petition, we dismiss grounds one through three.

[13]  953 S.W.2d 234 (Tex. Crim. App. 1997).

[14]  *Id.* at 239-40.

instructive.

In *Malik*, we discussed the case of *Brown v. Collins*,[15] where, as here, the law of parties was contained in the abstract portion of the jury charge but not in the application portion.[16] As in *Malik*, the issue in *Brown* was sufficiency of the evidence.[17] The evidence at the trial in Brown's case was sufficient to establish guilt as a party but not as the primary actor.[18] Because the jury charge at least contained a general instruction on the law of parties, the Fifth Circuit rejected the defendant's claim that the law of parties could not be considered in reviewing the sufficiency of the evidence.[19]

*Brown* was one of the cases that motivated us to abandon the *Benson/Boozer* rule[20] of measuring the sufficiency of the evidence by the jury charge that was actually given.[21] The "hypothetically correct jury charge" standard that we formulated to replace the *Benson/Boozer* rule was based in part on concerns regarding the law of parties.[22] In our discussion of *Brown*, we

---

[15] 937 F.2d 175, 182 (5th Cir.), *reh'g en banc denied*, 945 F.2d 403 (1991).

[16] *Malik*, 953 S.W.2d at 238.

[17] *Id.* (discussing *Brown*).

[18] *Id.*

[19] *Id.* at 238 & n.3; *see also Brown*, 937 F.2d at 182 ("In this case, the court instructed the jury on the law of parties thereby placing that theory of culpability before the jury . . . . Although the evidence did not conform *strictly* to the theory of culpability as alleged in the indictment and charged in the *application paragraphs* of the court's instructions, we hold that the evidence sufficed to prove the substantive elements of aggravated robbery under the law of parties as charged generally in the court's instructions.") (emphasis in *Brown*).

[20] *See Benson v. State*, 661 S.W.2d 708 (Tex. Crim. App. 1982)(op. on State's second motion for reh'g); *Boozer v. State*, 717 S.W.2d 608 (Tex. Crim. App. 1984).

[21] *Malik*, 953 S.W.2d at 237-40.

[22] *Id.* at 239-40.

observed that the Fifth Circuit implied that "the complete absence of a parties instruction" would have been a problem.[23] The clear import of our discussion in *Malik* is that *Brown* correctly decided that the inclusion of the law of parties in the abstract portion of the jury charge was enough for the law of parties to be taken into account in a sufficiency review.

That conclusion has been confirmed by subsequent caselaw. In *Grissam v. State*, relying upon our discussion in *Malik* of the *Brown* case, we held that a legal theory of burglary that was submitted in the abstract portion of the jury charge but not in the application portion must be considered in a sufficiency review.[24] In *Adames v. State*, as in the present case, the law of parties was contained in the abstract portion of the jury charge but not in the application portion, and we held that the court of appeals did not err in determining that a sufficiency review would include the law of parties.[25]

If it is proper to take a legal theory of liability into account for the purpose of determining the sufficiency of the evidence, and the evidence is found to be sufficient to support that theory, then it is necessarily proper to take it into account for the purpose of determining whether to submit a lesser-included offense.[26] It would be odd to hold, for example, that the legal theory of burglary in *Grissam* could be considered in a sufficiency review but also to hold, despite the existence of supporting evidence, that the theory of burglary could not be considered for the purpose of

---

[23] *Id.* at 238 n.3.

[24] 267 S.W.3d 39 (Tex. Crim. App. 2008).

[25] 353 S.W.3d 854 (Tex. Crim. App. 2011).

[26] *See In re State ex rel. Weeks*, Nos. AP-76,953 & AP-76,954, 2013 Tex. Crim. App. LEXIS 155, at *19-20 (Tex. Crim. App. January 16, 2013) (evidentiary-sufficiency principles impact what should be in the jury charge).

determining whether a lesser-included offense should have been submitted. It would be equally odd to apply such inconsistent treatment to the law of parties.

We have said that "[i]t is the application paragraph of the charge, not the abstract portion, that authorizes a conviction."[27] However, under our post-*Malik* caselaw, what we mean by that statement is that the application paragraph is what, as a practical manner, authorizes the jury to convict but is not necessarily determinative of what legally authorizes a conviction. The application paragraph is what explains to the jury, in concrete terms, how to apply the law to the facts of the case. We look at the wording of the application paragraph to determine whether the jury was correctly instructed in accordance with the indictment[28] and also what the jury likely relied upon in arriving at its verdict, which can help resolve a harm analysis.[29] We are aware of only three published cases decided after *Malik* that have made the statement that the application paragraph is what authorizes the conviction. Two of those cases made the statement in the course of determining whether the jury charge improperly expanded upon the allegations in the charging instrument,[30] and the third did so in the context of a harm analysis.[31] Those cases properly focused on the language

---

[27] *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012).

[28] *See id.* at 466-68.

[29] *See Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999).

[30] *Crenshaw*, 378 S.W.3d at 468 ("Including the per se definition of intoxication in the abstract portion of the jury charge did not expand the allegations against Appellant."); *Otto v. State*, 273 S.W.3d 165, 170-71 (Tex. Crim. App. 2008) ("In cases like this, in which the state alleges intoxication by alcohol alone and the defense claims it should win because the defendant ingested other intoxicating substances, our case law establishes that a charge improperly expands on the allegations in the indictment when the charge defines intoxication in terms of whether 'the defendant was intoxicated by a combination of unknown drugs and alcohol.'").

[31] *Vasquez v. State*, 389 S.W.3d 361, 371-72 (Tex. Crim. App. 2012).

in the application paragraph.

But the present case does not involve a question about whether the jury charge improperly expanded upon the allegations of the charging instrument. And we are not concerned here with a harm analysis. The indictment in this case authorized a conviction on the law of parties, and the jury charge contained instructions (in the abstract paragraph) that would enable the jury to convict the defendant in accordance with the indictment's authorization. *Malik* and its progeny clearly stand for the proposition that a conviction based upon a jury charge such as the one in *Brown* is not rendered legally insufficient because of an inadequacy in the application paragraph. If the overruling of *Benson* and *Boozer* means anything at all, it means that a jury charge error will not necessarily, or even usually, render the evidence insufficient.[32]

Whether the evidence is sufficient is a question about whether the jury was legally authorized to convict. Likewise, whether a lesser-included offense should have been submitted is a question about whether the jury would have been legally authorized to convict on the lesser-included offense. This question is the same kind of question as one that involves the sufficiency of the evidence. In both situations, the question is whether the issue—the charged offense or the lesser-included offense—should have been submitted to the jury.[33]

Because the law of parties was contained in the abstract portion of the jury charge and was

---

[32] In *Malik*, the jury-charge language that erroneously restricted the State's ability to obtain a conviction (albeit by imposing an extra requirement) was found in a portion of the jury charge that functioned as a kind of application paragraph. 953 S.W.2d at 235. In *Grissam* and *Adames*, the application paragraph simply left out any reference to certain instructions in the abstract portion of the jury charge, but we nevertheless determined that the abstract portions in question should be considered in a review of the sufficiency of the evidence. *See* this opinion, *ante*.

[33] *See Williams v. State*, 235 S.W.3d 742, 753 (Tex. Crim. App. 2007); *Malik*, 953 S.W.2d at 236-37.

supported by sufficient evidence, it was an issue that should be taken into account for the purpose of determining whether to submit a lesser-included offense.  And because, as the court of appeals explained, there was no evidence, in light of the law of parties, that appellant committed only the crime of robbery, the trial court was correct to deny the submission of the lesser-included offense.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: March 27, 2013
Publish