

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00392-CR

———————————————————

RAYMOND WEBSTER MYERS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR19183

Before Sudderth, C.J.; Pittman and Womack, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

### INTRODUCTION

A jury convicted Appellant Raymond Webster Myers of continuous sexual abuse of a child, and the trial court sentenced him to twenty-five years' confinement. In the indictment, Count I charged Appellant with committing continuous sexual abuse of a child by committing two or more acts of indecency with a child by touching her genitals. *See* Tex. Penal Code Ann. § 21.02(a)–(b), (c)(2), (d), (h). Appellant was also indicted on two counts of indecency with a child by contact. *See id.* § 21.11(a)(1), (c). The count involving the same complainant as Count I alleged that Appellant touched her breast (Count II), and the remaining count alleged that he touched a second child's genitals (Count III). *See id.* The State abandoned both of the indecency-with-a-child-by-contact counts.[1]

In one issue, Appellant contends that the trial court erroneously defined "acts of sexual abuse" and "sexual contact" in the jury charge so as to authorize the jury to convict him of continuous sexual abuse of a child based on his alleged touching of the complainant's breast, even though the continuous-sexual-abuse-of-a-child statute specifically excludes that type of sexual contact (and that type of indecency with a

---

[1]We therefore refer to the complainant in the only live count, Count I, when we use that term.

child by contact) as an element. *See id.* § 21.02(c)(2). Because we hold that the unpreserved error did not cause egregious harm, we affirm the trial court's judgment.[2]

## DISCUSSION

I.     **The Trial Court Erred by Including Breast-Touching in the Definitions in the Abstract Portion of the Jury Charge.**

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.*

Touching a child's breast, including touching through clothing, does not qualify as an "act of sexual abuse" under the continuous-sexual-abuse-of-a-child statute. *See* Tex. Penal Code Ann. § 21.02(c)(2). We therefore agree with the parties that the trial court erred in the abstract portion of the charge (1) by not carving out indecency with a child by touching her breast from the definition of "[a]ct of sexual abuse" and (2) by including breast-touching in the definition of "[s]exual contact." However, Appellant did not object to the jury charge.

II.    **We Decide Whether Unpreserved Error in the Jury Charge Causes Egregious Harm.**

Unpreserved charge error warrants reversal only when the error resulted in egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza*

---

[2]Appellant does not challenge the sufficiency of the evidence to support his conviction; we therefore omit a summary of facts.

3

*v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19. The appropriate inquiry for egregious harm is fact- and case-specific. *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

In making an egregious-harm determination, we must consider "the actual degree of harm . . . in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. *See generally Gelinas*, 398 S.W.3d at 708–10 (applying *Almanza*). Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172). The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174.

## III.   The Harm Caused by This Error Was Not Egregious.

The State argues that the harm was not egregious. We agree.

### A.   The Entire Jury Charge Weighs Against an Egregious-Harm Finding.

On one hand, the errors in the abstract portion of the charge discussed above are exacerbated by related statements in that portion. The trial court instructed the

jury that it did not have "to agree unanimously on which specific acts of sexual abuse were committed." On the other hand, the indictment is mentioned multiple times in the abstract portion of the charge, and the indictment charged Appellant with committing continuous sexual abuse of a child by touching the complainant's genitals. Significantly, the application portion of the jury charge tracks Count I of the indictment correctly, properly limiting the jury to considering only Appellant's alleged acts of indecency of a child based on his touching the complainant's genitals. *See Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) (explaining that the application paragraph, not the abstract paragraph, authorizes a conviction); *cf. Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013) (noting in dicta that "[w]e look at the wording of the application paragraph to determine whether the jury was correctly instructed in accordance with the indictment and also what the jury likely relied upon in arriving at its verdict, which can help resolve a harm analysis") (citations omitted). The application portion of the charge mitigates the harm caused by the error complained of. Overall, this factor weighs against finding egregious harm. *See Smith v. State*, 397 S.W.3d 765, 771 (Tex. App.—San Antonio 2013, no pet.) (concluding no egregious harm when application paragraph correctly stated the law regarding continuous sexual abuse of a child).

### B. The Evidence Weighs Against an Egregious-Harm Finding.

We look at the state of the evidence to determine whether the evidence made it more or less likely that the jury-charge error egregiously harmed Appellant. *See*

5

*Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015). Appellant does not raise a sufficiency complaint on appeal. Considering the entire record, the evidence sufficiently supports Appellant's guilt of continuous sexual abuse of a child based on his touching the complainant's genitals on multiple occasions. The complainant testified that Appellant touched and rubbed her breasts and genitals on many occasions, beginning when she was around eight years old and ending just before her twelfth birthday. The complainant's mother testified that the complainant told her that Appellant had touched her in her "private areas" under her clothes on "multiple" occasions when she was asleep. The sexual assault nurse examiner (SANE) testified that the complainant told her Appellant "started touching [her] private parts when [she] went to [her] Grammy's house"; "[h]e touched [her] private parts and up here— and she pointed to her breasts—and he would rub [her;] and he did it a lot."

The SANE also testified that:

- The complainant used "private parts" to identify her "vaginal area";

- The complainant indicated that Appellant had touched her vaginal area with his fingers or hand, had masturbated her within her labia, and had fondled her breasts and genitals;

- The complainant believed the sexual abuse began when she was eight or nine years old and had last occurred in March before the April 2016 examination; and

- The complainant was twelve years old at the SANE examination.

6

Other evidence included culpable statements that Appellant made to his adult daughter and texts he sent his wife from which his culpability could be inferred, but none of those were specifically incriminatory regarding the touching of the complainant's genitals as opposed to her breasts. On the other hand, there was no evidence that Appellant touched only the complainant's breasts. Instead, the defensive theory was that he had not touched the complainant inappropriately at all. The jury necessarily found the complainant credible and rejected the defensive theory.

This factor weighs against finding egregious harm. *See Arrington*, 451 S.W.3d at 844.

### C. The Parties' Arguments Weigh Against a Finding of Egregious Harm.

For this factor, we address whether any statement made by the parties or the trial court during trial increased or decreased the effect of the error. *Id.* The State mentioned breasts once in its opening statement. In examining witnesses, the State mentioned breasts once in questioning Appellant's daughter and twice in questioning the complainant after she had already testified that Appellant had touched both her genitals and her breasts. Only defense counsel mentioned breasts in closing arguments, and it was just once. Neither side clarified that the breast-touching allegations could not contribute to a finding of guilt in its closing argument. But the State did direct the jury to focus on the application paragraph, which properly tracks the indictment relying on genital contact. Given the mixed results, we conclude that

7

this factor is neutral. *See de la Luz Torres v. State*, 570 S.W.3d 874, 883 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

### D. Neither Party Points to Other Relevant Information.

The parties focus on the jury charge, the evidence, and the arguments of counsel. Neither points to other categories. We note that other courts have considered the jury's rejection of a charged count and whether the jury asked for clarification during deliberations. *See Flores v. State*, 513 S.W.3d 146, 161 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The jury here did send a note, but it only asked for a transcript. Further, only one count was submitted to the jury, and it convicted Appellant of that count. This factor is neutral. *See de la Luz Torres*, 570 S.W.3d at 883.

### E. The Factors Identified in *Almanza* Weigh Against Finding Egregious Harm.

No factor weighs in favor of an egregious-harm finding, two factors are neutral, and two factors militate against an egregious-harm finding. We therefore cannot say that the trial court's errors in the abstract portion of the jury charge "affect[ed] the very basis of the case, deprive[d Appellant] of a valuable right, vitally affect[ed] the defensive theory, or ma[d]e a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172). We overrule Appellant's sole issue.

### CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 23, 2019