

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00174-CR

JOAQUIN CORONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5424-16, Honorable Felix Klein, Presiding

November 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Joaquin Coronado, appeals his conviction for the offense of engaging in organized criminal activity,[1] and sentence to fifty-five years' incarceration in the Texas Department of Criminal Justice, Institutional Division. By his appeal, appellant contends that the evidence is insufficient to support his conviction and that the trial court submitted an erroneous jury charge. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 71.02(a)(5) (West Supp. 2019).

## Factual and Procedural Background

In the spring of 2014, a group of individuals worked together to distribute large amounts of methamphetamine in Lamb County, Texas. An investigation identified appellant as the leader of this network. In May of 2014, appellant was arrested on an unrelated warrant. At the time of his arrest, appellant was in possession of a simulated handgun and magazine, clear plastic baggies, a digital scale, a ledger, and multiple strips of paper with handwritten contact information on each.

Texas Department of Public Safety Special Agent Ashburn met with appellant after his arrest. After receiving *Miranda* warnings, appellant voluntarily gave Ashburn both an oral and written statement. In both statements, appellant admitted to bringing a large quantity of "dope" and "drugs" into Lamb County during the months immediately preceding his arrest. In his oral statement, appellant explained that he had several individuals, including many of his co-defendants, who would sell the drugs for him and that he would even institute competitions to encourage his agents to sell more drugs. Appellant and his agents were so successful selling drugs that appellant stated that he had to return to his supplier "every day" and that he would purchase a quarter pound of the drugs every time he resupplied. Appellant was indicted for the offense of engaging in organized criminal activity.

At trial, the State offered appellant's statements into evidence, which were admitted over appellant's objections. Three co-defendants were called by the State. Each of the co-defendants corroborated the statements made by appellant in his written and oral statements, namely that appellant was the head of a methamphetamine distribution ring. The jury found appellant guilty of engaging in organized criminal activity

by delivering a controlled substance in Penalty Group 1 in an amount of 200 grams or more but less than 400 grams. The jury also assessed appellant's sentence at fifty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. After the trial court rendered judgment on the jury's verdict, appellant timely filed his notice of appeal.

By his appeal, appellant presents two issues. By his first issue, appellant contends that the evidence presented at his trial is insufficient to support his conviction. By his second issue, appellant contends that the trial court erred by submitting a jury charge which authorized the jury to convict appellant of an offense outside the express language of Texas Penal Code section 71.02(a). We will review appellant's second issue first.

## Charge Error

By his second issue, appellant contends that the trial court submitted a jury charge that erroneously authorized the jury to convict him of an offense outside of the express language of Texas Penal Code section 71.02(a)(5). The State responds that the charge is not in error as it tracks with the language of section 71.02(a)(5).

In analyzing a claim of charge error, the Court should first determine whether the submitted charge was erroneous. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017). If the charge was erroneous, the Court must then determine whether appellant suffered harm due to the error. *Id.* It is only when we have reached an assessment of harm that error preservation becomes relevant. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error was properly preserved by timely objection, reversal is required if it is shown that the error caused the defendant some

3

harm. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc)). If, on the other hand, the defendant did not properly object to the jury charge, as in the present case, reversal is only required if the error was so egregious that it denied the defendant a fair and impartial trial. *Id.* (citing *Almanza*, 686 S.W.2d at 171).

The written charge given to the jury by the trial court should distinctly set forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Vega v. State*, 394 S.W.3d 514, 518-19 (Tex. Crim. App. 2013). The application paragraph of the jury charge, not the abstract portion, authorizes a conviction. *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013). The jury is presumed to have understood and followed the trial court's charge absent evidence to the contrary. *Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012).

In the present case, appellant contends that the trial court erred by submitting a jury charge that authorized the jury to find appellant guilty of establishing, maintaining, or participating in a combination to deliver or possess with intent to deliver 200 to 400 grams of methamphetamine. However, the application paragraph of the trial court's charge tracks the language of section 71.02(a)(5). Specifically, the charge informs the jury to find appellant guilty if, with the intent to establish, maintain, or participate in a combination, "he delivered a controlled substance in Penalty Group 1 . . . ." Section 71.02(a)(5) provides that,

> A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of the following: (5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful

4

possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;

TEX. PENAL CODE ANN. § 71.02(a)(5) (emphasis added).  Nowhere in the jury charge is the jury authorized to convict appellant for engaging in organized criminal activity by committing or conspiring to commit possession of a controlled substance with the intent to deliver.[2]  We conclude that the trial court did not err in charging the jury as it did.

Appellant correctly identifies that the indictment in this case improperly alleged that appellant committed the offense of engaging in organized criminal activity when he did "knowingly deliver or possess with intent to deliver a controlled substance in Penalty Group 1 . . . ."  As discussed above, mere possession with intent to deliver is insufficient to support a charge under section 71.02(a).  However, at no time did appellant file a motion to quash the indictment or object to the indictment.  By failing to do so, appellant waived any objection to this defect in the indictment.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.").

Concluding that there is no error in the jury charge and that appellant waived any error in the indictment, we overrule appellant's second issue.

---

[2] We do note that the charge includes two lesser-included offenses that are based on possession of a controlled substance.  However, neither of these offenses authorize the jury to convict appellant for engaging in organized criminal activity based on simple possession.

## Sufficiency of the Evidence

By his first issue, appellant contends that the evidence is insufficient to support the jury's finding that appellant committed the offense of engaging in organized criminal activity by delivering a controlled substance in Penalty Group 1, in an amount of 200 or more grams but less than 400 grams.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899 (emphasis in original).

To prove that appellant was guilty of engaging in organized criminal activity, the State was required to prove that appellant, with an intent to establish, maintain, or participate in a combination or in the profits of a combination, committed or conspired to commit delivery of a controlled substance in Penalty Group 1, specifically methamphetamine, in an amount of 200 or more grams but less than 400 grams. TEX. PENAL CODE ANN. § 71.02(a)(5); *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). A combination is defined as three or more persons collaborating to carry on criminal activities, regardless of whether the persons know one another or whether membership in the combination changes over time. TEX. PENAL CODE ANN. § 71.01(a) (West 2011). To prove that a combination existed, the State had to prove an agreement to act together in a continuing course of activity. *Ledet v. State*, 177 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). To prove the necessary intent, the State must show that appellant committed the predicate offense with the specific intent to participate in a criminal activity with a combination of persons and to participate in the profits of the combination. *McGee v. State*, 909 S.W.2d 516, 518 (Tex. App.—Tyler 1995, pet. ref'd). Intent may be inferred from acts, words, and conduct of the accused as well as the circumstances in which appellant's actions occurred. *DeLeon v. State*, 77 S.W.3d 300, 312 (Tex. App.—Austin 2001, pet. ref'd). It is not enough for appellant just to be aware of the existence of the combination, he must also have known of the combination's intended criminal activity. *McGee*, 909 S.W.2d at 518.

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed . . . ." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). In reviewing the

7

sufficiency of the evidence corroborating an accomplice witness's testimony, we must exclude the testimony of the accomplice from consideration and examine the remaining evidence to determine whether this evidence tends to connect the defendant to the commission of the offense. *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997) (en banc).

Appellant specifically challenges the sufficiency of the evidence to corroborate the testimony of the accomplice witnesses. The non-accomplice witness evidence need not be sufficient to support conviction for the charged offense; rather, it must be sufficient to "tend to connect" appellant to the commission of the offense. *See id.* Here, in appellant's oral statement, he admits that he purchased as much as a quarter pound of methamphetamine daily which he would deliver to a combination of people in Lamb County during the period alleged by the State. Appellant stated that he would "pass" these drugs to his distributors. He described the enterprise as a "business." Appellant specifically discussed delivering drugs to multiple persons, including the accomplice witnesses. In addition, the physical evidence found in the vehicle appellant was driving when he was arrested, including a simulated handgun and magazine, clear plastic baggies, a digital scale, a ledger, and multiple strips of paper with handwritten contact information on each, tends to connect appellant to the offense of delivering drugs. Since appellant's issue is couched in terms of the sufficiency of the evidence to corroborate the testimony of the accomplice witnesses, we conclude that the non-accomplice evidence is more than sufficient to tend to connect appellant to the offense alleged in the jury charge.

However, even if we construe appellant's issue as challenging the sufficiency of the evidence to support his conviction generally, we conclude that the evidence is

sufficient. Again, to prove appellant guilty of engaging in organized criminal activity, the State had to prove that appellant, with an intent to establish, maintain, or participate in a combination or in the profits of a combination, committed or conspired to commit delivery of a controlled substance in Penalty Group 1, specifically methamphetamine, in an amount of 200 or more grams but less than 400 grams. TEX. PENAL CODE ANN. § 71.02(a)(5). Appellant's intent to establish, maintain, or participate in a combination to commit delivery of methamphetamine in an amount of 200 or more grams but less than 400 grams in the spring of 2014 is established by appellant's statement alone. Appellant admitted to organizing a "business" with many individuals to sell methamphetamine in Lamb County. For an extended period of time during the applicable period, appellant admitted that he would acquire a quarter pound of methamphetamine, approximately 113 grams, every day which he would deliver to his distributors to sell. Consequently, we conclude that a rational jury could have found appellant guilty of each essential element of the offense of engaging in organized criminal activity beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912.

Finding the evidence to be sufficient to corroborate the accomplice witnesses' testimony and to support appellant's conviction, we overrule appellant's first issue.

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

9