

# NUMBER 13-19-00601-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO EZEQUIEL LOPEZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the 206th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Francisco Ezequiel Lopez of continuous sexual abuse

of a child (Count One), aggravated sexual assault of a child (Count Two), and indecency

with a child (Count Three). *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11, 22.021. By three

issues, which we have reordered,[1] Lopez contends that: (1) the evidence was legally insufficient to support his convictions; (2) he was egregiously harmed by jury charge error with respect to Count One; and (3) his conviction for Count Two violated his double-jeopardy rights under the United States and Texas Constitutions.[2] We affirm the judgments for Count One and Count Three as modified and vacate the judgment for Count Two.

## I.    BACKGROUND

Lopez was indicted for committing three sexual offenses against his stepdaughter Mary[3] while she was under the age of fourteen. Count One alleged that "from on or about the 1st day of September, 2017 through on or about the 23rd day of August, 2018," Lopez committed two or more acts of sexual abuse against Mary, "namely aggravated sexual assault of a child and indecency with a child by contact." Count Two alleged that "on or about August 24, 2018," Lopez committed aggravated sexual assault against Mary by intentionally penetrating her sexual organ with his sexual organ. Count Three alleged that "on or about the 1st day of January, 2018," Lopez engaged in sexual contact with Mary

---

[1] We address Lopez's issues in the order that would provide him the greatest relief. *See Lopez v. State*, 615 S.W.3d 238, 248 (Tex. App.—El Paso 2020, pet. ref'd) (citing *Benavidez v. State*, 323 S.W.3d 179, 182 (Tex. Crim. App. 2010)).

[2] Although he initially identifies them as separate issues, Lopez acknowledges in his brief that his argument under the Texas Constitution is redundant because the United States Constitution provides the same double-jeopardy protections in this case. *See Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997) (reiterating "that the Texas and United States constitutions' double jeopardy provisions provide substantially identical protections"). Accordingly, we treat Lopez's federal and state double-jeopardy contentions as a single issue.

[3] To protect the minor complainant's identity, the pseudonym "Maria Garza" was used in the indictment. However, the parties both use the pseudonym "Mary" in their briefs. To avoid confusion, we will also refer to the complainant as "Mary." *See* TEX. R. APP. P. 9.8 cmt. (West 2008) ("This rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases."); *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.).

by touching her breast with the intent to arouse or satisfy his sexual desire.

Mary, twelve years old at the time of trial, testified that Lopez began sexually abusing her in "fourth or fifth grade," when she was "9 or 10" years old. Typically, Lopez would "put his penis inside [her] vagina." She could not remember exactly how many times this occurred but said that it happened "a lot," both on the living room couch and on her bed. Sometimes her mother was not home, and other times she was in an adjacent room.

The last time "was the day before the first day of sixth grade," which began "[t]he last week of August 2018," when Mary was eleven years old. Mary remembered this incident specifically because afterwards Lopez helped her get a cellphone. After previous assaults, Lopez would "randomly" give Mary money.

In addition to penetrating her sexual organ with his penis, Mary testified that Lopez would place his hands "under" her bra and touch her "breasts." Lopez also used the "palm of his hands" to "rub against" her "vagina." This occurred "both" over and under her clothing.

The abuse stopped because Mary told two of her friends, and they in turn reported it to a school counselor. Initially, Mary was not forthcoming about the extent of the abuse. She explained that she "felt guilty" and "didn't want to tear the family apart." Mary also felt conflicted because, despite the abuse, she "had a very close bond with [Lopez]," and he was otherwise "a good dad."

The jury convicted Lopez on all three counts and assessed his punishment at thirty-five years' confinement on Count One, twenty years' confinement on Count Two,

3

and ten years' confinement on Count Three. The trial court ordered that the sentences be served consecutively, beginning with Count One and ending with Count Three. This appeal ensued.

## II.  SUFFICIENCY OF THE EVIDENCE

By his first issue, Lopez challenges the sufficiency of the evidence to support his convictions.

### A.  Standard of Review & Applicable Law

In a legal sufficiency review, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Because the jury is the trier of fact, we "must defer to the jury's credibility and weight determinations." *Id.* This includes resolving conflicts in the testimony. *Carter v. State*, 620 S.W.3d 147, 149 (Tex. Crim. App. 2021) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

### B.  Analysis

Rather than contesting any particular element of each offense, Lopez generally attacks Mary's credibility. According to Lopez, "Mary told so many lies throughout the process, it follows that nothing she says can be believed or relied upon to uphold the verdicts and resulting convictions in this case." This is the extent of his sufficiency challenge.

It is well-established, however, that the jury is the "sole judge" of a witness's

4

credibility and the weight to be given to her testimony. *Hammack*, 622 S.W.3d at 914 (quoting *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)). We may not, as Lopez implicitly suggests, substitute our judgment for that of the factfinder. *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014).

Contrary to Lopez's aspersions, the jury clearly found Mary credible. *See Hernandez v. State*, 610 S.W.3d 106, 111 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (noting that in a sufficiency review, "we presume that the jury credited the complainant's testimony"). Moreover, Mary's testimony alone was sufficient to support Lopez's convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Bautista v. State*, 605 S.W.3d 520, 525 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("[T]he uncorroborated testimony of a child seventeen years of age or younger is sufficient to support a conviction for aggravated sexual assault of a child."). Accordingly, Lopez's first issue is overruled.

### III.   JURY CHARGE ERROR

Lopez next argues that the jury charge for Count One contained "an illegal application paragraph" because it permitted the jury to convict him for conduct that does not constitute an act of sexual abuse—namely, sexual contact with Mary's breasts.

### A.   Standard of Review & Applicable Law

A jury charge must instruct the jurors on the law that is applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14. "Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (cleaned up). A jury charge generally contains an abstract portion and an

5

application paragraph. "The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) (citing *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). "The application paragraph is what explains to the jury, in concrete terms, how to apply the law to the facts of the case." *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013). To determine whether jury charge error occurred, a reviewing court "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez*, 389 S.W.3d at 366 (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)).

When, like here, an appellant fails to timely object to the jury charge, a reviewing court will only reverse upon a showing of egregious harm. *Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019). "Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), *superseded on other grounds by rule stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988)). Essentially, egregious harm occurs when the appellant is deprived of a fair and impartial trial. *Chambers*, 580 S.W.3d at 154 (citing *Villarreal*, 453 S.W.3d at 433). A "high and difficult standard" to meet, egregious harm must be evident from the record "rather than theoretical." *Villarreal*, 453 S.W.3d at 433 (first quoting *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013); and then quoting *Cosio v. State*, 353 S.W.3d 766, 777

6

(Tex. Crim. App. 2011)). In making this determination, we consider: "(1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole." *Id.* (citing *Almanza*, 686 S.W.2d at 171).

## B. Analysis

The jury was provided with a separate jury charge for each count. As to Count One, the abstract portion accurately defined "act of sexual abuse" to include the predicate offense of indecency with a child by sexual contact "other than by touching, including touching through clothing, the breast of a child." *See* TEX. PENAL CODE ANN. § 21.02(c)(2). The abstract portion also accurately defined "indecency with a child" as engaging in "sexual contact" with a child, which includes "any touching, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *See id.* § 21.11(a)(1), (c)(1). The application paragraph then asked the jury to consider whether the evidence proved beyond a reasonable doubt that during the requisite period Lopez "committed two or more acts of sexual abuse against Mary . . . , namely aggravated sexual assault of a child and indecency with a child." The application paragraph did not state that the indecency offense(s) must have been committed by means "other than by touching, including touching through the clothing, the breast of a child." *See id.* § 21.02(c)(2).

Lopez acknowledges that we must consider the charge in its entirety, and he does not dispute that the abstract portion accurately defined the relevant terms. Nonetheless, he contends that the abstract portion "would only be confusing to the jury because it directly conflicts" with the application paragraph. According to Lopez, the application

7

paragraph was "illegal" because it failed to explicitly exclude touching Mary's breast as a predicate offense. We disagree.

Lopez's interpretation of the jury charge selectively focuses on the definition of "indecency with a child" but ignores the definition of "acts of sexual abuse," which properly limited the types of sexual contact the jury could consider. A jury charge must be considered in its entirety, and here, the application paragraph necessarily required the jury to refer to and incorporate both definitions into the application paragraph. *See Vasquez*, 389 S.W.3d at 366, 367 (explaining that an application paragraph authorizes a conviction where it "necessarily and unambiguously" refers to another paragraph in the jury charge). Thus, the application paragraph correctly authorized Lopez's conviction for continuous sexual assault of a child if, during the requisite period, he committed two or more acts of sexual abuse, including sexual contact with Mary, other than by touching her breast. *See* TEX. PENAL CODE ANN. § 21.02(c)(2). The jury charge did not contain error.

Even if we were to conclude the charge was erroneous, Lopez has not shown that he suffered egregious harm. To the extent that the jury charge for Count One was "confusing," as Lopez suggests, any such concerns were ameliorated by other factors. Both the State and Lopez stressed during closing that evidence of Lopez touching Mary's breast could only be considered in deciding Count Three.[4] This point was reinforced by

---

[4] For example, the State told the jury:

Now, in continuous, the most serious one, the Count 1 that we talked about, breast touching doesn't count. Okay. That's a separate count. That's for Count 3. The breast touching [Mary] talked about with his hands rubbing on her breast under her clothes, under her little bra, that's Count 3. You don't consider that part in continuous because continuous, as I said, is the most serious one, and that's the penis penetrating the vagina and the touching [of her] vagina with his hand . . . .

8

the fact that Count Three had a separate jury charge with an application paragraph that, unlike Count One, asked the jury to determine whether the evidence proved beyond a reasonable doubt that, on or about January 1, 2018, Lopez engaged in sexual contact with Mary by touching her breast with the intent to arouse or gratify his sexual desire. This was distinct from the State's theory of Count One—namely, that in addition to penetrating her vagina with his penis, Lopez engaged in sexual contact with Mary by touching her vagina with his hand.

Considering the entire trial record, including the separate jury charges, the state of the evidence, and the arguments of counsel, Lopez has not shown that he suffered actual harm. *See Villarreal*, 453 S.W.3d at 433; *Almanza*, 686 S.W.2d at 171. His second issue is overruled.

## IV.    DOUBLE JEOPARDY

Finally, Lopez contends that his conviction under Count Two for aggravated sexual assault violated his double-jeopardy rights because it was a predicate offense under Count One that occurred during the period of continuous sexual abuse.

## A.    Standard of Review & Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58

---

. . . .

And then we get to Count 3, indecency with a child [by] sexual contact, with the intent to arouse or gratify the sexual desire of the defendant. The child was younger than 17, and he did that by touching the breast of the child. This is where the breast part comes in. You can't use if for Count 1, but it's its own separate offense, Count 3.

9

(Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). Aggravated sexual assault of a child is among the predicate offenses listed as "acts of sexual abuse." TEX. PENAL CODE ANN. § 21.02(c).

Dual convictions for continuous sexual abuse and a predicate offense are prohibited under certain circumstances. *Id.* at § 21.02(e). "A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed." *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (interpreting § 21.02(e)). In other words, "the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time." *Id.*

**B.    Analysis**

Here, the period of continuous sexual abuse alleged in the indictment was from on

or about September 1, 2017, to on or about August 23, 2018, and the aggravated sexual assault was alleged to have been committed the following day, on August 24, 2018. According to the State, the period of continuous abuse alleged in the indictment is controlling, and thus Lopez's conviction under Count Two was allowed because it occurred during a different period of time.

The Texas Court of Criminal Appeals recently rejected the State's approach, holding that the period alleged in the indictment was irrelevant. *See Allen v. State*, 620 S.W.3d 915, 921 (Tex. Crim. App. 2021). Instead, we determine the period of continuous abuse "by looking at the evidence presented at trial." *Id.* As guidance on what may constitute "a different period of time," the Texas Court of Criminal Appeals suggested that there would need to be "a clear period of continuing abuse, and, after several years during which no abuse occurred, an isolated incident of abuse." *Id.* at 922 n.9.

The State's attempt to separate, by a single day, the last aggravated sexual assault from the period of continuous sexual abuse is not supported by the evidence. Mary testified that Lopez continuously subjected her to acts of sexual abuse from the time she was in the "fourth or fifth grade" until "the day before the first day of sixth grade," saying it happened "a lot." At no point did Mary, or anyone else, testify about a prolonged break in the abuse. Thus, rather than occurring in a separate period, the aggravated sexual assault was the final act of sexual abuse that occurred during the period of continuous abuse. Consequently, Lopez's dual convictions under Count One and Count Two violated § 21.02(e) and his constitutional rights. *See* U.S. CONST. amend. V, XIV; TEX. PENAL CODE ANN. § 21.02(e); *Allen*, 620 S.W.3d at 921; *Price*, 434 S.W.3d at 606; *Cisneros v. State*,

11

622 S.W.3d 511, 519 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.) (op. on remand) (holding that dual convictions for aggravated sexual assault and continuous sexual abuse violated § 21.02(e) and appellant's constitutional rights because the sexual assaults occurred during the period of continuous abuse). Lopez's third issue is sustained.

Generally, when a defendant is convicted in a single criminal trial of two offenses that are considered the same for double jeopardy purposes, the remedy is to retain the conviction for the "most serious offense" and vacate the other conviction. *Bien v. State*, 550 S.W.3d 180, 188 (Tex. Crim. App. 2018). The "most serious offense" is the one for which the "greatest sentence was assessed." *Id.* (quoting *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). Because Lopez was assessed a greater sentence for Count One, we retain the conviction for Count One and vacate the conviction for Count Two. *See id.*

Each conviction was memorialized in a separate written judgment; therefore, the judgment for Count Two is vacated. Additionally, each judgment contains the following language: "The sentence imposed in Count One shall begin immediately. The sentence in Count Two shall begin when the judgment imposed in Count One has ceased to operate. The sentence in Count Three shall begin when the judgment imposed in Count Two has ceased to operate." At the State's request, we modify the judgments for Count One and Count Three as follows: "The sentence imposed in Count One shall begin immediately. The sentence in Count Three shall begin when the judgment imposed in Count One has ceased to operate."

12

## V.    CONCLUSION

We affirm the judgments for Count One and Count Three as modified and reverse and render a judgment vacating the judgment for Count Two.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
11th day of August, 2022.

13