

# NUMBER 13-22-00551-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MIGUEL CHAVEZ A/K/A**
**MIGUEL ANGEL CHAVEZ,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Miguel Chavez of continuous sexual assault of a young child, a first-degree felony; aggravated sexual assault of a child by contact, also a first-degree felony; and indecency with a child by sexual contact, a second-degree felony. *See*

TEX. PENAL CODE ANN. §§ 21.02(b)(2)(A), 22.021(a)(1)(B)(iv), 21.11(a)(1). On appeal, Chavez contends that the jury charge for the continuous sexual abuse count contained reversible error because the application paragraph lacked an essential element of the offense. The State disagrees that the charge was erroneous but asks the Court to set aside Chavez's other convictions for aggravated sexual assault and indecency with a child because they violate Chavez's double jeopardy rights. We affirm the conviction for continuous sexual abuse and vacate the other two convictions.

## I. BACKGROUND

In 2019, Chavez was indicted for continuous sexual abuse of a child under the age of fourteen for allegedly committing two or more acts of sexual abuse against Jennifer[1] during a period that began on July 10, 2008, and ended on July 9, 2016. The indictment generally alleged that the acts of sexual abuse included aggravated sexual assault of a child and indecency with a child by sexual contact.

The indictment also included four additional counts against Chavez. Three of the counts alleged different types of aggravated sexual assault against Jennifer. The last count alleged Chavez committed indecency with a child by sexual contact by touching Jennifer's genitals. Each of these offenses was alleged to have been committed during the period of continuous abuse alleged in the first count. Prior to trial, the trial court granted the State's motion to dismiss one of the counts of aggravated sexual assault.

At trial, Jennifer testified that the abuse began shortly after her family moved in with Chavez in July of 2008, when Jennifer was six years old. Initially, the abuse only

---

[1] To protect the identity of the complainant, we refer to her by the pseudonym given to her in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 58.102(a).

involved "touching." Chavez would place his hands under Jennifer's underwear and touch her vagina. Jennifer said this happened "a lot" and "continued for years." She also described incidents where Chavez would rub his penis on her vagina, saying this type of contact also happened multiple times and occurred over a period of years.

Although she could not recall her exact age when it first occurred, Jennifer testified that when she "got older," Chavez began placing his penis inside her vagina. She said Chavez regularly forced her to have intercourse at times when her mother was not present, including some mornings before she went to school. Though it occurred much less frequently than the intercourse, she said that Chavez also forced her to perform fellatio on more than one occasion. Lastly, Jennifer testified that Chavez would sometimes rub his penis on her anus but that he never penetrated her anus. According to Jennifer, the abuse finally stopped in July of 2016, when she was fourteen years old.

During the charge conference, the trial court presented the parties with a proposed jury charge for the continuous sexual abuse offense that included the following application paragraph:

> Now if you find from the evidence beyond a reasonable doubt that the Defendant, MIGUEL CHAVEZ[,] did then and there, in Hidalgo County, Texas, during a period that was 30 or more days in duration, to-wit: from on or about the 10th day of July, 2008, to on or about the 9th day of July, 2016, when the defendant was 17 years or age or older, committed two or more acts of sexual abuse against JENNIFER . . . , a pseudonym, a child younger than 14 years of age, namely aggravated sexual assault of a child and indecency with a child, then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in this indictment.

Chavez did not object to this paragraph, and the charge was submitted to the jury.[2] The

---

[2] Chavez did object to another portion of the jury charge; however, that objection was overruled, and Chavez has not challenged that ruling on appeal.

jury also received separate charges on the two remaining counts of aggravated sexual assault of a child and the single count of indecency with a child by sexual contact.

The jury returned guilty verdicts on the continuous sexual abuse offense, one of the aggravated sexual assault offenses,[3] and the indecency with a child by sexual contact offense. The jury assessed corresponding punishments of twenty-five, five, and two years' confinement, and the trial court ordered the sentences to run concurrently. This appeal ensued.

## II. JURY CHARGE

Chavez contends that the application paragraph above was erroneous because it eliminated the duration element by failing to specify that at least two acts of sexual abuse had to occur thirty days or more apart.

### A. Standard of Review & Applicable Law

A jury charge must instruct the jurors on the law that is applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14. "Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (cleaned up). A jury charge generally contains an abstract portion and an application paragraph. "The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) (citing *Plata v.*

---

[3] Chavez was acquitted of the other aggravated sexual assault offense, which alleged that Chavez intentionally or knowingly caused Jennifer's sexual organ to contact Chavez's mouth. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii).

4

*State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). "The application paragraph is what explains to the jury, in concrete terms, how to apply the law to the facts of the case." *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013). To determine whether jury charge error occurred, a reviewing court "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez*, 389 S.W.3d at 366 (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)).

To establish continuous sexual abuse of a young child, the State must prove four elements: (1) the defendant "commit[ted] two or more acts of sexual abuse," (2) "during a period that is 30 or more days in duration," and "at the time of the commission of each of the acts of sexual abuse," (3) the [defendant was] 17 years of age or older," and (4) "the victim [was] a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b). In other words, "[t]o obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)).

**B.    Analysis**

Relying on *Smith v. State*, 340 S.W.3d 41 (Tex. App.—Houston [1st Dist.] 2011, no pet.), Chavez argues that the application paragraph permitted the jury to convict him by finding that he committed two or more acts of sexual abuse, even if the acts occurred less than thirty days apart. In *Smith*, the application paragraph permitted a conviction if

5

the jury found the defendant committed two acts of sexual abuse "on or about the 1st day of December, 2007, through the 1st day of September, 2008, *which said time period being a period that was 30 days or more in duration*." *Id.* at 50 (emphasis added). The *Smith* court found that the "precise phrasing in the application paragraph" lacked clarity because, "read literally, it allowed the jury to find appellant guilty so long as two or more acts of sexual abuse occurred between December 2007 and September 2008 regardless of whether the acts occurred at least 30 days apart." *Id.* As one of our other sister courts later observed, the application paragraph in *Smith* was erroneous because it "merely made the irrelevant observation that the period specified in the indictment—between December 2007 and September 2008—was a time period that was thirty days or more in duration." *Knowles v. State*, No. 04-12-00180-CR, 2013 WL 1149063, at \*4 (Tex. App.— San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Smith* and rejecting claim of jury charge error). The application paragraph in *Smith* "did not require the jury to find, as the Penal Code requires, that the defendant committed the specified acts 'during a period that is 30 or more days in duration.'" *Id.*

We disagree with Chavez that the application paragraph in this case is analogous to the application paragraph in *Smith*. Here, the application paragraph instructed the jury to find Chavez guilty of the offense if it found beyond a reasonable doubt that Chavez,

> during a period that was 30 or more days in duration, to-wit: from on or about the 10th day of July, 2008, to on or about the 9th day of July, 2016, when the defendant was 17 years or age or older, committed two or more acts of sexual abuse against JENNIFER.

Consequently, the charge expressly required a finding that Chavez, during a period that was thirty or more days in duration, committed two or more acts of sexual abuse, and

6

thus reflects the language and structure of the offense as provided by the Penal Code. *See* TEX. PENAL CODE ANN. § 21.02(b). We also disagree with Chavez's suggestion that by delineating the period of continuous abuse with specific dates that were themselves more than thirty days apart, this language somehow nullified the immediately preceding requirement that Chavez committed two or more acts of sexual abuse "during a period that was 30 or more days in duration." *Id.* Instead, the instruction merely "explain[ed] to the jury, in concrete terms, how to apply the law to the facts of the case." *Yzaguirre*, 394 S.W.3d at 530.

Chavez also observes that the trial court did not use the Texas Pattern Jury Charge for this offense, which includes the following clarifying language: "With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant." Comm. on Pattern Jury Charges—Criminal, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Crimes Against Persons & Property* CPJC 84.2, 99 (2020). We note that Chavez did not request this additional clarifying language. In any event, while certainly helpful, the Texas Pattern Jury Charges are only advisory; that is to say, trial courts are not required to follow them. *See Beltran De La Torre v. State*, 583 S.W.3d 613, 623 n.7 (Tex. Crim. App. 2019) ("part[ing] ways with the recommendations of the Texas Committee on Pattern Jury Charges" on the propriety of two of the committee's instructions); *see also Williams v. State*, No. 02-20-00104-CR, 2021 WL 5227167, at *5 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op., not designated for publication) (observing that Texas Pattern Jury Charges are not binding on the trial court). We are not aware of any authority, and Chavez does

not cite to any, holding that this clarifying language is required. The trial court's only obligation is to accurately instruct the jury on the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14. The trial court did so here by tracking the language in the statute, and "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of the trial judge." *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996). We overrule Chavez's issue.

### III.    DOUBLE JEOPARDY

The State has asked us to set aside Chavez's convictions for aggravated sexual assault of a child and indecency with a child by sexual contact because they violate Chavez's double jeopardy rights.

### A.    Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos*, 636 S.W.3d

8

at 651 (citing TEX. PENAL CODE ANN. § 21.02(b)). Aggravated sexual assault of a child is among the predicate offenses listed as an "act of sexual abuse." TEX. PENAL CODE ANN. § 21.02(c)(4). So is indecency with a child by sexual contact other than by touching the breast of the child. *Id.* § 21.02(c)(2).

Dual convictions for continuous sexual abuse and a predicate offense are prohibited under certain circumstances. *Id.* § 21.02(e). "A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed." *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (interpreting § 21.02(e)). Simply put, "the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time." *Id.*

## B.    Analysis

As the State acknowledges, Chavez's convictions for aggravated sexual assault of a child by contact and indecency with a child by sexual contact constituted acts of sexual abuse that Chavez committed against Jennifer during the period of continuous abuse alleged in the indictment, which spanned from July 10, 2008, until July 9, 2016. Specifically, the jury found that the indecency offense, which involved Chavez touching Jennifer's genitals, occurred "on or about the 10th day of July, 2008," thus beginning the period of continuous abuse. The jury also found that the aggravated sexual assault occurred "on or about the 1st day of January, 2010," long before the period of continuous

abuse concluded in 2016. Accordingly, we agree with the State that the Legislature did not intend for Chavez to be convicted separately for all three crimes. *See* TEX. PENAL CODE ANN. § 21.02(e); *Price*, 434 S.W.3d at 606.

## C.    Remedy for Double Jeopardy Violations

When a multiple-punishment violation occurs, "the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Generally, the most serious offense is "the offense in which the greatest sentence was assessed." *Id.* at 373. Here, the greatest punishment assessed was for the continuous sexual abuse conviction. Therefore, we retain that conviction and vacate the other two convictions. *See id.*

## IV.    CONCLUSION

We affirm the conviction for continuous sexual abuse of a young child and vacate the convictions for aggravated sexual assault of a child and indecency with a child by sexual contact.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of August, 2023.

10