

# NUMBER 13-23-00082-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MIGUEL ANGEL ORTIZ,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## ON APPEAL FROM THE 275TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Miguel Angel Ortiz of committing seven felony offenses against the same complainant: one count of continuous sexual abuse of a young child, a first-degree felony; three counts of aggravated sexual assault of a child, also first-degree felonies; two counts of indecency with a child by sexual contact, second-degree felonies;

and one count of indecency with a child by exposure, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.02(b)(2)(A), 22.021(a)(1)(B), 21.11(a)(1), (a)(2)(A). Ortiz raises two issues on appeal: (1) the jury charge for continuous sexual abuse, which Ortiz failed to object to at trial, contained a fundamental error that also resulted in egregious harm[1]; and (2) his convictions for aggravated sexual assault and indecency with a child by sexual contact constitute double-jeopardy violations. The State concedes the second issue. We affirm the convictions for continuous sexual abuse and indecency with a child by exposure and vacate Ortiz's other five convictions.

## I. BACKGROUND

In 2017, Ortiz was indicted for continuous sexual abuse of a child under the age of fourteen for allegedly committing two or more acts of sexual abuse against Veronica[2] during a period that began on January 1, 2012, and ended on September 30, 2016. The indictment generally alleged that the acts of sexual abuse included aggravated sexual assault of a child and indecency with a child by sexual contact.

The indictment also included six additional counts against Ortiz for other sexual

---

[1] Citing *Doyle v. State*, 631 S.W.2d 732 (Tex. Crim. App. 1980), Ortiz suggests on appeal that fundamental error is a separate and distinct analysis from the egregious harm standard announced several years later in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). He treats them as "alternative" standards for determining reversible jury-charge error, implying that a fundamental error automatically requires reversal without regard to the nature of the harm. However, seeking to clarify the standard of review for unobjected-to jury-charge error, the Texas Court of Criminal Appeal explained in *Almanza* that showing error in the jury charge is only the first step; to obtain a reversal, the record must also show that appellant was egregiously harmed by the error. 686 S.W.2d at 171–74. In other words, an error in the jury charge will only be deemed "fundamental" *if* the appellant was egregiously harmed by the error. *Id.* at 172 (explaining that "fundamental error must involve 'egregious harm' in trial"). Accordingly, we will review Ortiz's claim of fundamental jury-charge error under *Almanza* and its progeny. *See Olivas v. State*, 202 S.W.3d 137, 145 (Tex. Crim. App. 2006) ("The appropriate standard for all errors in the jury-charge, statutory or constitutional, is that set out in *Almanza*.").

[2] To protect the identity of the complainant, we refer to her by the pseudonym given to her in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 58.102(a).

offenses allegedly committed against Veronica. Three of the counts alleged different types of aggravated sexual assault of a child (Ortiz contacting Veronica's genitals with his mouth, and Ortiz penetrating Veronica's mouth with his genitals), two of the counts alleged different types of indecency with a child by sexual contact (Ortiz touching Veronica's genitals, and Ortiz causing Veronica to touch his genitals), and one count alleged indecency with a child by exposure (Ortiz exposing his genitals to Veronica). Each of these offenses was alleged to have been committed during the period of continuous abuse described above.

Veronica, sixteen years old at the time of trial, testified that Ortiz, her mother's ex-boyfriend, began sexually abusing her when she was in the first or second grade, and the abuse continued until she was in the fourth grade. She described various sexual acts that Ortiz compelled her to perform during this period, including touching his penis and fellatio. She also said there were times when he would touch her vagina with his hand or perform cunnilingus on her.

After the parties closed, a charge conference occurred off the record. There is no record of Ortiz objecting to the continuous sexual abuse jury charge, which included the following language:

1.

A person commits the offense of Continuous Sexual Abuse of a Child if:

(1) During a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) At the time of the commission of each of the acts of sexual abuse, the actor was 17 years of age or older and the victim is a child

3

younger than 14 years of age.

. . . .

4.

You are instructed that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, if any, were committed by the Defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the Defendant, during a period that was 30 or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.

5.

Now if you find from the evidence beyond a reasonable doubt that the Defendant, MIGUEL ANGEL ORTIZ[,] did then and there, in Hidalgo County, Texas, during a period that was 30 or more days in duration, to-wit: from on or about the 1st day of January, 2012, to on or about the 30th day of September, 2016, when the defendant was 17 years of age or older, committed two or more acts of sexual abuse against VERONICA, a pseudonym, a child younger than 14 years of age, namely aggravated sexual assault of a child and indecency with a child, then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in this indictment.

The jury also received separate charges on the other six counts.

The jury returned guilty verdicts on all seven counts. Ortiz elected to be punished by the trial court and was sentenced to twenty-five years' imprisonment for the continuous sexual abuse offense, twenty years' imprisonment for each aggravated sexual assault offense, twenty years' imprisonment for each indecency with a child by sexual contact offense, and ten years' imprisonment for the indecency with a child by exposure offense. The trial court entered a separate judgment of conviction on each count and ordered the sentences to run concurrently.

Ortiz filed a motion for new trial making the same arguments he now presents on

appeal. During the hearing, the State conceded that there were double-jeopardy violations but suggested that it would be "more proper" to let this Court sort them out on appeal. The trial court denied the motion, and this appeal ensued.

## II. JURY CHARGE ERROR

Ortiz first contends that the jury charge for continuous sexual abuse contained a fundamental error that resulted in egregious harm because it "authorized a conviction on a set of facts that do not constitute an offense." Specifically, Ortiz complains that the application paragraph allowed "the jury to find him guilty so long as two or more acts of sexual abuse occurred between the years alleged regardless of whether the acts occurred at least 30 days apart." Although the application paragraph includes the statutory "during a period that was 30 or more days in duration" language, Ortiz argues that this language standing alone is insufficient to convey the intended meaning of the duration element. He notes that the trial court did not use the suggested clarifying language from the Texas Pattern Jury Charge: "With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant." Comm. on Pattern Jury Charges—Criminal, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Crimes Against Persons & Property* CPJC 84.2, 99 (2020). He also argues that the "to-wit" language in the application paragraph "eliminated the penal code element that at least 28 days passed between the day of the first act of sexual abuse and the day of the last act of sexual abuse."

### A. Standard of Review & Applicable Law

A jury charge must instruct the jurors on the law that is applicable to the case. TEX.

5

CODE CRIM. PROC. ANN. art. 36.14. "Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (cleaned up). A jury charge generally contains an abstract portion and an application paragraph. "The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). "The application paragraph is what explains to the jury, in concrete terms, how to apply the law to the facts of the case." *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013).

Alleged jury-charge error involves a two-step analysis: "First, we determine whether the charge is erroneous. If it is, then we must decide whether the appellant was harmed by the erroneous charge." *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). To determine whether jury charge error occurred, a reviewing court "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez*, 389 S.W.3d at 366 (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). When the appellant fails to timely object to the alleged error, as occurred here, the record must show that the appellant was egregiously harmed by the error. *Alcoser*, 663 S.W.3d at 165. "An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory." *Id.* Egregious harm is a "high and difficult standard" to meet. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). Neither party bears the burden of proving or disproving harm on appeal. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim.

6

App. 2015). Instead, we review the record for the following factors: (1) the entirety of the charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the trial record. *Id.*

To establish continuous sexual abuse of a young child, the State must prove four elements: (1) the defendant "commit[ted] two or more acts of sexual abuse," (2) "during a period that is 30 or more days in duration," and "at the time of the commission of each of the acts of sexual abuse," (3) "the [defendant was] 17 years of age or older," and (4) "the victim [was] a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b). To satisfy the second element, the proof must establish "there [were] at least 28 days between the day of the first act of sexual abuse and the day of the last act of sexual abuse." *Smith v. State*, 340 S.W.3d 41, 51 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see Turner v. State*, 573 S.W.3d 455, 461 (Tex. App.—Amarillo 2019, no pet.); *Pelcastre v. State*, 654 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd). "[M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed," so long as they unanimously agree that "the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." TEX. PENAL CODE ANN. § 21.02(d).

## B. Analysis

Last term, in *Chavez v. State*, No. 13-22-00551-CR, 2023 WL 5486232, at *2–4 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated

for publication), we considered the same challenges to a virtually identical jury charge and found no error. This term, in *Perez v. State*, No. 13-22-00292-CR, --- S.W.3d ----, 2024 WL 715326, at *5–7 (Tex. App.—Corpus Christi–Edinburg Feb. 22, 2024, no pet.), we were again confronted with a virtually identical jury charge and found no error. *But see id.* at *9–11 (Contreras, C.J., concurring) (finding error because the statutory language "does not sufficiently inform the jury of the requirement" "that there must be 'at least 28 days' between the days of the first and last acts of abuse," but ultimately concluding the error was harmless); *Turner*, 573 S.W.3d at 462–63 (finding a charge that tracked the statute to be erroneous because "the express language used does not make it clear that the first and last acts must occur thirty or more days apart"). We are bound by the principle of horizontal *stare decisis* to once again conclude that the statutory language in this jury charge was sufficient to inform the jury about the contours of the duration element. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 257 (Tex. 2022) ("If one appellate panel decides a case, and another panel of the same court differently resolves a materially indistinguishable question in contravention of a holding in the prior decision, the second panel has violated the foundational rule of *stare decisis*.").

"Following the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge." *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994); *Duffy v. State*, 567 S.W.2d 197, 204 (Tex. Crim. App. 1978); *see Casey v. State*, 215 S.W.3d 870, 887 (Tex. Crim. App. 2007) (holding that charge tracking language of statute was not erroneous and "declin[ing] appellant's invitation to act as a super-legislature and rewrite [the statute]").

8

Here, as in *Perez* and *Chavez*, the jury charge faithfully tracked the statutory duration language, and thus, the trial court satisfied its obligation to instruct the jury on the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Perez*, 2024 WL 715326, at *7; *Chavez*, 2023 WL 5486232, at *3; *Lewis v. State*, No. 14-21-00691-CR, --- S.W.3d ----, 2023 WL 4873306, at *7 (Tex. App.—Houston [14th Dist.] Aug. 1, 2023, pet. ref'd) (finding no error where the jury charge tracked the statutory duration language). And as we said in *Perez* and *Chavez*, the addition of the "to-wit" language in this charge did not nullify the duration element; rather, "the timeframe provided in the application paragraph merely 'explained to the jury, in concrete terms, how to apply the law to the facts of the case." *Perez*, 2024 WL 715326, at *6 (cleaned up) (quoting *Yzaguirre*, 394 S.W.3d at 530); *Chavez*, 2023 WL 5486232, at *3 (same). Ortiz's first issue is overruled.

### III.  DOUBLE JEOPARDY

By his second and final issue, Ortiz argues that his three convictions for aggravated sexual assault and his two convictions for indecency with a child by sexual contact violate his double-jeopardy rights because he was also convicted of committing continuous sexual abuse against the same complainant, and the complained-of convictions constitute predicate offenses that occurred during the period of continuous abuse. The State confesses error.[3]

---

[3] We note that, in the last year, this is at least the third occasion where the State has confessed a double-jeopardy violation in a continuous sexual abuse case tried in Hidalgo County. *See Perez v. State*, No. 13-22-00292-CR, --- S.W.3d ----, 2024 WL 715326, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 22, 2024, no pet.); *Chavez v. State*, No. 13-22-00551-CR, 2023 WL 5486232, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated for publication). While we appreciate the State's candor in acknowledging these errors on appeal, we trust the State is taking the necessary steps to ensure these errors do not occur in the first instance. However, the responsibility for preventing these errors does not fall solely on the State; trial courts must also do their part. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007) ("Once the judge receives the jury's verdicts, [t]he [judge] should

**A.      Applicable Law**

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

As previously mentioned, "[t]o obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). Aggravated sexual assault of a child and indecency with a child by sexual contact are among the predicate offenses listed as an "act of sexual abuse." TEX. PENAL CODE ANN. §§ 21.02(c)(2), (4) (listing predicate offenses), 21.11(a)(1) (defining indecency with a child by sexual contact). Conversely, indecency with a child by exposure is not a predicate offense under the continuous abuse statute. *See id.* §§ 21.02(c)(2), 21.11(a)(2) (distinguishing exposure from sexual contact).

Another feature of the continuous abuse statute is that "the Legislature clearly

_____

perform the task of deciding what judgment is authorized by those verdicts in light of the controlling law, the indictment, and the evidence presented at trial.").

intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when [both convictions are] based on conduct against the same child during the same period of time." *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (citing TEX. PENAL CODE ANN. § 21.02(e)). Stated differently, "the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time." *Id.*; *see Allen v. State*, 620 S.W.3d 915, 922 & n.9 (Tex. Crim. App. 2021) (finding that the evidence did not support dual convictions under § 21.02(e) because the predicate offense occurred during the period of continuous abuse but noting that "[i]t may be a different case if the evidence shows a clear period of continuing abuse, and, after several years during which no abuse occurred, an isolated incident of abuse" occurs).

## B.  Analysis

As the State acknowledges, Ortiz's convictions for aggravated sexual assault and indecency with a child by sexual contact were based on acts of sexual abuse that Ortiz committed against Veronica during the period of continuous abuse. *See* TEX. PENAL CODE ANN. §§ 21.02(c)(2), (4). Accordingly, we agree with the parties that the Legislature did not intend for Ortiz to be convicted and punished separately for all six offenses. *See id.* § 21.02(e); *Price*, 434 S.W.3d at 606. Ortiz's final issue is sustained.

## C.  Remedy for Double Jeopardy Violations

When a multiple-punishment violation occurs, "the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*,

252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Generally, the most serious offense is "the offense in which the greatest sentence was assessed." *Id.* at 373. Here, the greatest punishment assessed was for the continuous sexual abuse conviction. Therefore, we retain that conviction and vacate Ortiz's other convictions for predicate offenses. *See id.*

## IV.    CONCLUSION

We affirm Ortiz's convictions for continuous sexual abuse of a young child and indecency with a child by exposure. We vacate his three convictions for aggravated sexual assault of a child and his two convictions for indecency with a child by sexual contact.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
9th day of May, 2024.